STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-034

TIMOTHY J. HIGGINS,

Petitioner

v.                                                    DECISION AND ORDER

CITY OF PORTLAND,

Respondent

This matter is before the court on the appeal of the petitioner

Timothy Higgins ("Higgins") from an adverse decision of the Zoning Board of

Appeals ("ZBA") of the respondent City of Portland ("City").

## I. BACKGROUND

Higgins is the owner of premises at 244 Veranda Street, Portland,

Maine ("property"), which, since at least 1957, has been comprised of a two-

unit apartment building situated on a 9,001 square feet lot. The property is

in a R-5 zone, which is a medium-density residential zone. City of Portland

Zoning Ordinance ("Ord.") §§ 14-116 & 14-473(c)(4).

Two-family dwellings are permitted in this zone and, under certain

circumstances, may be altered or enlarged to add a third unit. Ord. § 14-

117(a)(1). The minimum lot area per dwelling unit in a R-5 zone is 3,000

square feet, unless the project is deemed to be a multiplex development.

Ord. § 14-120(b).[1] The per unit land area requirement for a multiplex is

---

[1] A multiplex is a "development with three (3) or more horizontally or vertically attached dwelling units [ ] and the construction of at least one (1) building on a parcel of less than two (2) acres. . . ." Ord. § 14-117(a)(2).

6,000 square feet. Ord. § 14-117(a)(2). The City's Zoning Administrator, Marge Schmuckal, has consistently interpreted the ordinance to mean that a project in which a two-unit building is altered or enlarged to add a third unit is not a multiplex and, therefore, is subject to the smaller land area requirement. Record on Appeal ("R.") at 42.

On January 18, 2001, Higgins applied to the City's Planning Authority and Building Authority to add a third unit to the building on the property. R. at 37. His original plan called for the demolition of the building and the construction of a three-unit structure. R. at 42-43. Ms. Schmuckal viewed that proposal as a multiplex development because it did not involve an alteration or enlargement to an existing structure. *Id.* She rejected the plan because the property did not meet the larger land area requirement of a multiplex. *Id.* Higgins redesigned the plan to add a third unit to his existing building. *Id.* On February 15, 2001, the Planning Authority granted site approval based on the new plan. R. at 38-39.

On March 2, 2001, Higgins applied to the Building Authority for a building permit. R. at 40. On March 9, 2001, a "first" building permit was issued giving Higgins "permission to Build third unit with additions/FOUNDATION ONLY". R. at 41. Higgins posted a performance guarantee and, on March 10, 2001, began construction. He did partial demolition, site work, poured the foundation and made "significant progress" on the building structure. He expended $8,000 in this effort.

On April 5, 2001, Elizabeth Holton, a neighbor, met with the Zoning Administrator to discuss a challenge to Higgins' project. The Administrator

told Ms. Holton that she still had some appeal rights and would let Ms. Holton know when a structural permit was issued to Higgins.

On April 9, 2001, Higgins applied to the Building Authority for a second permit. R. at 46. On May 2, 2001 a "second" permit was issued for "Proposed Project Description: Additions to Multi Family To Change from 2 to 3 Units with Garages Per Plans". R. at 47. On May 3, 2001, Higgins began construction.

On May 17, 2001, Ms. Holton filed an Interpretation Appeal Application with the ZBA disputing the Building Authority's "[i]nterpretation allowing conversion to 3-family" contrary to § 14-117(a)(2) of the ordinance.[2] R. at 48. On June 7, 2001, following a public hearing, the ZBA voted to grant the appeal thereby disallowing construction of the third unit.

Higgins challenges the ZBA's decision and argues that (i) Ms. Holton's appeal was not timely, (ii) his rights to add and construct a third unit had vested, and (iii) the ZBA erroneously interpreted the zoning ordinance when it concluded that Higgins' project was a multiplex within the meaning of § 14-117(a)(2) and subject to the larger 6,000 square feet requirement.

## II. DISCUSSION

Appeals from interpretations of the zoning ordinance by the Building Authority are made to the ZBA and must "be taken within thirty (30) days of the action complained of." Ord. §§ 14-472(a) & (b)(1) (emphasis added).

---

[2]Although the Planning Authority and the Building Authority both interpreted the ordinance to allow Higgins to add a third unit, Ms. Holton's appeal was only directed to the decision of the Building Authority. An appeal from a decision of the Planning Authority must be made "to the planning board within ten (10) days of the decision being rendered." Ord. § 14-527(a).

The specific action of which Ms. Holton complains is the Building Authority's decision to interpret the ordinance as allowing Higgins to add a third unit without being subject to the land area requirement of a multiplex development. Thus, the appeal period began when that decision was made and the timeliness of the appeal turns on whether the decision was made upon the issuance of the "first" permit, in which case it was untimely, or the "second" permit, in which case it was timely.

The court does not agree with the City's argument that the "first" permit issued by the Building Authority did not give Higgins the right to add a third unit and merely allowed him "to enlarge the foundation in order to accommodate his proposed new structure." Brief of City of Portland at 8. The more reasonable conclusion is that the "first" permit approved the project while limiting the scope of the work allowed at that stage of the project. The "first" permit included language which made clear that the Building Authority granted Higgins "permission to Build third unit with additions", but limited the work at that point to putting in the foundation. R. at 41. The decision of the Building Authority to issue the permit to construct a foundation for the addition was necessarily predicated upon a decision to allow the addition which in turn was necessarily based on an interpretation of the ordinance that the addition was allowable under the circumstances. To conclude otherwise would mean that the permit merely and illogically authorized the construction of a foundation that served no identifiable project or purpose.

Ms. Holton's appeal was directed specifically to the Building

4

Authority's action leading to and resulting in the "first" permit. That permit was issued on March 9, 2001, and the time for taking an appeal to the ZBA expired on April 9, 2001.[3] Ms. Holton's appeal was filed on May 17, 2001. Therefore, it is time-barred.

That conclusion is not inconsistent with the Zoning Administrator's words to Ms. Holton on April 5, 2001 that she still had "some appeal rights." R. at 44. Although the "first" permit gave Higgins permission to add a third unit to his property, he still needed design and structural approval from the Building Authority. The "second" permit gave him that approval and allowed him to construct the addition pursuant to his approved plans. Interested parties, such as Ms. Holton, had to the right to appeal the Building Authority's decisions relating to that permit. R. at 47.

## III. DECISION

Based upon the foregoing, the decision of the City of Portland Zoning Board of Appeals is VACATED and the matter is remanded for proceedings consistent with this Decision and Order.

Pursuant to Rule 79(a) M.R.Civ.P., the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference.

Dated: November 25, 2001

_____
Justice, Superior Court

---

[3]The meeting between Ms. Holton and Zoning Administrator Schmuckal on April 5, 2001, did not constitute the taking of an appeal.

5

Date Filed _07-06-01_     _Cumberland_     Docket No. _AP-01-34_

County

Action _Rule 80B/80C Appeal_

Timothy Higgins                  City of Portland

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| J. Gordon Scannell, Jr. Esq.<br>P.O. Box 426<br>Portland, Maine 04112 | CHARLES LANE ESQ<br>389 CONGRESS ST  PM 04101 |

| Date of Entry | |
|---|---|
| **2001**<br>July 9 | Received 07-06-01<br>Summary Sheet filed.<br>Appeal with Exhibit's A - I filed. |
| " " | On 7-9-01.<br>Briefing schedule mailed.  Plaintiff's brief and record due 8-15-01. |
| July 31 | Received 07-30-01:<br>Appellee, City of Portland Response filed. |
| Aug. 06 | Received 08-06-01:<br>Summons and Acknowledgment of Receipt of Summons and Appeal filed showing receipt of service on 07-18-01 upon City of Portland to Penny Littell, Esq. |
| Aug. 7 | Received 08/07/01:<br>Defendant City of Portland's Motion to Join Necessary Party filed. |
| " " | Defendant City of Portland's Request for Hearing filed. |
| Aug. 16 | Received 08-15-01:<br>Plaintiff, Timothy A. Higgins Memorandum of Law in Support of Plaintiff's 80B Appeal filed. |
| " " | Record on Appeal M.R.Civ.P.80B(e) filed. |
| Sep. 14 | Received 09-12-01:<br>Defendant, City of Portland Brief with Exhibits A and B filed. |
| " " | Supplemental Record filed. (With Attachments). |
| Sept. 18 | Received 09/17/01:<br>Plaintiff's Unopposed Motion to Expedite and Incorporated Memorandum of Law filed. |
| " " | Affidavit of Timothy Higgins filed. |